Attorney Brian C. Key
Alabama State Bar #KEY014
1312 Ellis Street
Jasper, Alabama 35501
(206) 339-8203
Attorney for Plaintiff
Jack Cagle

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CV-S-02-1530-LDG-PAL

JACK CAGLE,

    Plaintiff,

    vs.

AMERICA WEST AIRLINES, INC.,
an Arizona corporation; BRIAN CONNER;
JOEL KUPLACK; JENNIFER MUSEGADES;
JOHN ELY; PAM YOUNG; WENDY HIRATA;
GREGORY GARGER; SHIRLEY KAUFMAN;
JEANNE STOUT; CATHERINE BUNCE;
ELIZABETH YAQUINTO; ANTHONY MULE;
TAD LYON; WILLIAM FRANKE; DOES I
through X, inclusive; and ROE BUSINESS
ENTITIES I through X, inclusive,

    Defendants.

**COMPLAINT**

**Civil Action #**

## COMPLAINT

### *JURY DEMAND*

Plaintiff, for his Complaint against the Defendants, alleges:

1.    This is a civil action to redress the Defendants' discrimination against

Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, the

1  Americans with Disabilities Act, the Age Discrimination in Employment Act, the laws of

2  the United States of America, and the laws of the State of Nevada. Plaintiff seeks relief

3  to be made whole, that is, to be placed in the same position Plaintiff would have been in

4  if the discrimination had not happened, including, but not limited to, back-pay, with

5  interest, front-pay to retirement in lieu of reinstatement because reinstatement is not

6  possible, pecuniary and nonpecuniary losses, compensatory and non-compensatory

7  damages, pain and suffering, other relief as appropriate, declaratory relief, injunctive

8  relief, and punitive damages because of the intentional, reckless, and wanton illegal

9  discrimination against Plaintiff by Defendants.

10

11

12                          **JURISDICTION.**

13

14      2.      Plaintiff invokes this Court's original jurisdiction under 28 U.S.C. section

15  1331, 28 U.S.C. section 1337, 28 U.S.C. section 1343, Title VII of the Civil Rights Act of

16  1964, as amended, 42 U.S.C. section 2000e et seq., the Americans with Disabilities

17  Act, as amended, 42 U.S.C. section 12117 et seq., and the Age Discrimination in

18  Employment Act, as amended, 29 U.S.C. section 621 et seq.

19

20      3.      Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C.

21  section 1367 with respect to Plaintiff's claims based upon the laws of the State of

22  Nevada.

23

24

25

4.     Plaintiff invokes this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202.

### VENUE.

5.     The venue of this action is properly placed in the United States District Court, District of Nevada, pursuant to 28 U.S.C. section 1391(b)(2) because the Plaintiff is a resident of the district, Defendant AWA does business in the district at the McCarran International Airport, Las Vegas, Clark County, Nevada, and because the unlawful employment practices alleged herein were committed by the Defendants in Las Vegas, Clark County, Nevada.

### PARTIES.

6.     Plaintiff, JACK CAGLE ("Cagle"), is a citizen of the United States of America and the State of Nevada and at all times material to the allegations of this Complaint, was a resident of Las Vegas, Clark County, Nevada, and an employee of Defendant America West Airlines, Inc., an Arizona corporation, from June 1, 1987, to August 25, 2000: approximately 12 years and 3 months.

7.     Plaintiff is informed and believes, and therefore alleges, that Defendant AMERICA WEST AIRLINES, INC. ("AWA"), is a corporation organized and existing

1   under the laws of the State of Arizona, is qualified to do business in the State of

2   Nevada, and does do business in Las Vegas, Clark County, Nevada, through and under

3   its name at the McCarran International Airport in Las Vegas, Clark County, Nevada.

4   Defendant AWA is an "employer" within the meaning of section 701(b) of Title VII of the

5   Civil Rights Act of 1964, as amended, in that during all times material to the allegations

6   of this Complaint Defendant AWA has engaged in an industry affecting commerce and

7   has employed more than the requisite number of persons for the requisite duration

8   under Title VII.

9

10

11   8.   Upon information and belief, Plaintiff alleges that Defendant AWA's

12   corporate office is at 111 West Rio Salado Parkway; Tempe, Arizona 85281; telephone

13   number 1-480-693-5050.

14

15   9.   Plaintiff is informed and believes, and therefore alleges, at all times

16   material hereto, that Individual Defendants, BRIAN CONNER; JOEL KUPLACK;

17   JENNIFER MUSEGADES; JOHN ELY; PAM YOUNG; WENDY HIRATA; GREGORY

18   GARGER; SHIRLEY KAUFMAN; JEANNE STOUT; CATHERINE BUNCE; ELIZABETH

19   YAQUINTO; ANTHONY MULE; WILLIAM FRANKE; and TAD LYON, were citizens and

20   residents of the State of Arizona and employed by Defendant AWA and that all times

21   pertinent hereto, the Individual Defendants were acting within the scope and course of

22   their employment with Defendant AWA and that Defendant AWA is thereby vicariously

23

24

25

1    liable for the negligent, intentional, reckless, wanton illegal actions of the Individual

2    Defendants.

3

4        10.    Plaintiff is informed and believes, and therefore alleges, at all times

5    material hereto, that the Individual Defendants acted individually, jointly, and/or in

6    concert and conspiracy with Defendant AWA in order to illegally and wantonly

7    discriminate against Plaintiff and terminate Plaintiff's employment.

8

9

10       11.    Defendants designated as DOES I through X, inclusive, and each of them,

11   are agents, employees, assigns, and/or individuals associated with Defendant AWA,

12   who, while acting within the scope and course of their employment, agency, or

13   assignment with Defendant AWA, and each of them, were wholly or partially responsible

14   for the illegal and wanton discrimination against Plaintiff and termination of Plaintiff's

15   employment because they negligently, intentionally, wantonly, and illegally violated

16   Plaintiff's federal and state civil rights.

17

18       12.    Defendants designated as ROE BUSINESS ENTITIES I through X,

19   inclusive, and each of them, are agents, general contractors, subcontractors,

20   predecessors in interest, successors in interest, or agencies otherwise associated with

21   Defendant AWA, who, at all times material hereto, were wholly or partially responsible

22

23   for the illegal and wanton discrimination against Plaintiff and termination of Plaintiff's

24

25

1    employment because they negligently, intentionally, wantonly, and illegally violated

2    Plaintiff's federal and state civil rights.

3

4        13.    Plaintiff is informed and believes and thereon alleges that each of the

5    Defendants designated as a DOE or ROE BUSINESS ENTITY is in some manner

6    negligently, vicariously, and/or statutorily responsible for the events and happenings

7    referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff

8    will seek leave of this Court to amend this Complaint to insert the true names of such

9    Defendants when the same have been ascertained.

10

11

12                        **ADMINISTRATIVE PROCEDURES.**

13

14       14.    Plaintiff timely filed his first Charge of Discrimination, #350A01530,

15    EXHIBIT A TO THE COMPLAINT, against Defendant AWA with the Phoenix District

16    Office of the United States Equal Employment Opportunity Commission ("EEOC") on or

17    about May 17, 2000.    Plaintiff charged he had "been falsely accused of sexual

18    harassment by two employees" and was "subsequently given a last chance agreement

19    with the choice to sign the agreement or be discharged." Plaintiff believed he "had no

20    choice, but to sign the agreement." Plaintiff claimed that he had "been discriminated

21    against because of [his] sex, male, and age, 46 [,] in violation of Title VII of the Civil

22    Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967,

23    as amended [and] the Americans with Disabilities Act of 1990."

24

25

1

2      15.     On or about July 21, 2000, the EEOC issued Plaintiff a Dismissal and

3   Notice of Suit Rights against Defendant AWA, EXHIBIT B TO THE COMPLAINT,

4   regarding his first Charge of Discrimination.

5

6      16.     Plaintiff timely filed his second Charge of Discrimination, #350A11140,

7   EXHIBIT C TO THE COMPLAINT, against Defendant AWA with the EEOC on or about

8   February 17, 2001. Plaintiff charged that his "employment was terminated because [he]

9   filed a charge of discrimination (#350A01530) with ... the EEOC on 05/17/2000 against

10  America West Airlines." Plaintiff further claimed, regarding the Last Chance Agreement,

11  that his "agreement was not knowing and voluntary; it was made under duress and

12  coercion and while [he] was under treatment of a psychiatrist for major depressive

13  disorder" and that his "right to file a charge of discrimination with the EEOC is non-

14  waiveable." Plaintiff charged that America West Airlines, by its 08/22/2000 letter,

15  EXHIBIT D TO THE COMPLAINT, illegally terminated Plaintiff's employment because

16  he "filed a charge with the Equal Employment Opportunity Commission." Plaintiff

17  claimed that his retaliatory discharge violated his federal civil rights and that in addition

18  to the retaliation, Plaintiff had been discriminated against because of his "sex, age,

19  disability, and sexual orientation." As well, Plaintiff charged that his "workplace was

20  hostile," that "discrimination is pervasive and systemic" at America West Airlines, and

21  that Plaintiff has been the "target of a civil conspiracy to deprive [him] of his civil rights."

22

23

24

25

17.    On or about February 27, 2002, Plaintiff received a Determination letter from the EEOC, **EXHIBIT E TO THE COMPLAINT**.  The EEOC found that America West Airlines "is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. section 2000e et seq., the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. section 621 et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. section 12101e et seq. ("ADA")" and that "[t]imeliness and all other requirements for coverage have been met."

18.    The EEOC Determination letter stated that the "Commission has previously determined that it is unlawful for an employer to take adverse action against an individual because he has filed a charge under one of the employment discrimination statutes."

19.    The EEOC Determination letter stated that, in this case, the Plaintiff "had previously filed a Charge of Discrimination with the EEOC alleging that [America West Airlines'] Last Chance Agreement constituted a form of employment discrimination under Title VII, the ADEA, and the ADA.  Further, "subsequent to his Charge of Discrimination, [America West Airlines] took an adverse action against [Plaintiff] by terminating his employment."

20.    The EEOC District Director found "reasonable cause to believe that [America West Airlines] retaliated against [Plaintiff] in violation of Title VII, the ADEA,

and the ADA, when it discharged him for filing a Charge of Discrimination." Furthermore, the EEOC District Director found "reasonable cause exists to believe that [America West Airlines] has a policy or practice of including language in its Last Chance Agreements which unlawfully discourages individuals from filing charges of discrimination or participating in investigations under threat of discipline or discharge, in violation of Title VII, the ADEA, and the ADA."

21.    On or about August 22, 2002, Plaintiff received from the EEOC its "Notice of Right to Sue - Conciliation Failure," <u>EXHIBIT F TO THE COMPLAINT</u>, which entitles Plaintiff to institute this civil action within ninety days of Plaintiff's receipt of said notice. The Notice states that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with [America West Airlines] that would provide relief for [Plaintiff]."

22.    All conditions precedent to the filing of this Complaint have been met by Plaintiff in that he has filed a timely charge of discrimination with the EEOC and has filed this Complaint within ninety days of receiving a right-to-sue letter from the Commission.

## STATEMENT OF THE FACTS.

23.     Plaintiff, male, 47, an individual with a disability, is a resident of Las Vegas, Clark County, Nevada.

24.     Plaintiff is an honorably discharged member of the United States Air Force.

25.     Plaintiff was employed by Defendant AWA for approximately 12 years and 3 months as a Flight Attendant.

26.     Defendant AWA illegally terminated Plaintiff's employment on or about August 22, 2000, when it sent Plaintiff a letter stating that Plaintiff's employment with Defendant AWA was terminated because Plaintiff filed a charge of discrimination with the EEOC.

27.     Defendants, and each of them, by their conduct, illegally discriminated against Plaintiff in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and Nevada anti-discrimination employment statutes.

28.    Defendant AWA breached Plaintiff's employment contract by its illegal termination of Plaintiff.

29.    Defendants, and each of them, were involved in a civil conspiracy to deprive Plaintiff of his federal and state civil rights.

30.    At the time of Plaintiff's termination by Defendant AWA, the Plaintiff earned a salary and received benefits from Defendant AWA consisting of medical insurance, life insurance, dental insurance, travel benefits, retirement, and other benefits, all in an amount to be proven at trial.

31.    As a result of the Defendants' discrimination and illegal and wanton termination of Plaintiff's employment, Plaintiff has suffered damages, physical and mental illness, severe and extreme emotional distress, is no longer able to work as a Flight Attendant or to do any work at all, and is no longer able to enjoy the quality of life Plaintiff enjoyed prior to the Defendants' illegal discrimination against him.

## INCORPORATION OF ALLEGATIONS.

32.    All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each of the same.

Cagle v. America West Airlines, Inc., et al
COMPLAINT - Page 11

**FIRST CLAIM FOR RELIEF:**
**RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII, ADEA, AND ADA.**

33.     Defendant AWA discriminated against Plaintiff by terminating Plaintiff's employment because Plaintiff filed a charge of discrimination against Defendant AWA with the EEOC.

34.     Defendant AWA thereby intentionally engaged in a per se unlawful employment practice prohibited by TITLE VII, ADEA, and ADA.

35.     As a result of Defendant AWA's unlawful employment practice, Plaintiff's employment was terminated, he has suffered anxiety, distress, humiliation, embarrassment, has suffered and will continue to suffer lost wages and fringe benefits as an employee of Defendant AWA and has suffered other compensatory and non-compensatory damages to be proven at trial.

36.     Plaintiff is entitled to such affirmative action and other equitable relief, including, but not limited to back-pay, with interest, front-pay to retirement in lieu of reinstatement because reinstatement is not possible, compensatory and non-compensatory damages, punitive damages, declaratory relief, and injunctive relief, as this Court deems appropriate under 42 U.S.C. section 2000e et seq.

37.    As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## SECOND CLAIM FOR RELIEF:
## TITLE VII – SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT.

38.    Defendant AWA discriminated against Plaintiff because of Plaintiff's sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

39.    Defendant AWA discriminated against Plaintiff, on account of Plaintiff's sex, by failing to take affirmative action to correct the unlawful employment practices it was aware of, or should have been aware of, as alleged in this Complaint, and that such conduct constitutes illegal sexual harassment.

40.    Defendant AWA discriminated against Plaintiff, on account of Plaintiff's sex, by creating and maintaining, or by failing to stop, an illegal hostile work environment.

41.    Plaintiff is informed and believes, and therefore avers, that the effect of Defendant AWA's illegal discriminatory employment practices, as set forth herein and throughout this Complaint, has been and continues to be to limit, classify and discriminate against male persons in ways which jeopardize them and then to deprive

said persons of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

42.   Plaintiff, a victim of such limitations, classifications and discriminations, is and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, social security benefits and other monetary and non-monetary benefits due to Plaintiff solely because of Plaintiff's sex all in sums to be proven at trial.

43.   Plaintiff seeks from Defendant AWA compensatory damages for the humiliation, damage to his reputation, mental and emotional distress, and pain and suffering that Plaintiff has experienced and endured as a result of the discriminatory actions against him.

44.   Defendant AWA acted maliciously or with reckless indifference to Plaintiff's rights under Title VII.

45.   As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

### THIRD CLAIM FOR RELIEF:
### ADEA – AGE DISCRIMINATION.

46.     Plaintiff was employed by Defendant AWA as a Flight Attendant from on or about June 1, 1987, to on or about August 25, 2000, approximately 12 years and 3 months of continuous employment.

47.     Plaintiff performed his duties successfully as an employee of Defendant AWA for the full term of employment.

48.     On or about August 22, 2000, Plaintiff's employment with Defendant AWA was intentionally and wantonly terminated by Defendant AWA.

49.     Plaintiff was born on February 3, 1954, and was approximately 46 years old the first time Defendant AWA illegally and wantonly discriminated against Plaintiff and thereafter illegally and wantonly terminated Plaintiff's employment.

50.     Plaintiff is informed and believes and therefore alleges that Defendant AWA replaced Plaintiff in the position, which Plaintiff formerly held with Defendant AWA, with a younger person who had less experience in the job and that Defendant AWA paid that younger person a lower salary than that which was paid to Plaintiff.

51.    The termination of Plaintiff by Defendant AWA was because of Plaintiff's age, which termination constitutes a violation of 29 U.S.C. section 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. section 626.

52.    The termination of Plaintiff's employment by Defendant AWA constitutes a willful violation of 29 U.S.C. section 623 and as such entitles the Plaintiff to recover double damages.

53.    Plaintiff seeks recovery from Defendant AWA the amount of all wages, and other compensation to which Plaintiff is entitled from the date the discrimination first began to the time of entry of judgment herein, plus prejudgment interest.

54.    Plaintiff seeks front-pay damages to retirement in lieu of reinstatement because reinstatement is not possible.

55.    As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

**FOURTH CLAIM FOR RELIEF:**
**ADA – DISABILITY DISCRIMINATION.**

56.    Defendant AWA's refusal to provide or allow reasonable accommodations to Plaintiff's disability such that he could continue to fulfill the essential functions of his job as a Flight Attendant, its placing of him on involuntary leave, and its discharge of him because of his disability, constitutes discrimination in violation of the Americans with Disabilities Act.

57.    Defendant AWA's discharge of Plaintiff constitutes gross, wanton, reckless, and/or intentional violations of Plaintiff's rights under the ADA, entitling him to punitive damages.

58.    As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

### FIFTH CLAIM FOR RELIEF:
### 42 U.S.C. SECTION 1985 – CIVIL CONSPIRACY.

59.    Defendants having conspired for the purpose of depriving Plaintiff of the equal protection of the laws and of equal privileges and immunities under the laws by coercing Plaintiff to execute an illegal Last Chance Agreement, subjecting Plaintiff to sexual harassment and a hostile work environment, age discrimination, disability discrimination, sexual orientation discrimination, and discriminating against Plaintiff because he filed a charge of discrimination with the EEOC.

60.   Defendants' conduct in this regard was motivated impermissibly by Plaintiff's sex, sexual orientation, age, disability, and because Plaintiff filed a charge of discrimination with the EEOC, and because of Defendants' personal malice against the Plaintiff.

61.   In furtherance of the object of this conspiracy to deprive Plaintiff of the equal protection of the laws and his equal privileges and immunities under the laws, the Defendants have done or caused to be done the acts set forth in this Complaint which resulted in Plaintiff's discrimination and Plaintiff's termination of employment.

62.   Plaintiff has been injured in his person and property and deprived of exercising his rights and privileges as a citizen of the United States of America by virtue of the conduct of the conspiring Defendants.

63.   As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## SIXTH CLAIM FOR RELIEF:
### 42 U.S.C. SECTION 1986 – CIVIL CONSPIRACY.

64.    Defendants had knowledge that at all material times that the wrongs conspired to be done as alleged in the above FIFTH CLAIM FOR RELIEF were about to be or were in the process of being committed during the period from the date the discrimination first began through the date of this Complaint.  Defendants had the power to prevent or aid in preventing the commission of these wrongs.  However, they have neglected and refused to do so.  Defendants could have by reasonable diligence prevented the wrongs alleged by granting Plaintiff some other effective remedy to redress the deprivation of his federal and state civil rights.

65.    Plaintiff is entitled, by virtue of 42 U.S.C. section 1986, to recover from Defendants, and any other person whom Plaintiff learns has neglected or refused to prevent the wrongful acts alleged, all damages resulting from such wrongful neglect or refusal.

66.    Plaintiff has been injured in his person and property and deprived of exercising his rights and privileges as a citizen of the United States of America by virtue of the conduct of the conspiring Defendants.

67.    As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

**SEVENTH CLAIM FOR RELIEF:**
**Nevada Revised Statute 613.330 - Prohibition against discrimination**
**on basis of sex, sexual orientation, age, and disability in employment.**

68.     The conduct of the Defendants, as alleged in this Complaint, against Plaintiff constitutes illegal and wanton discrimination against Plaintiff on the basis of Plaintiff's sex, sexual orientation, age, and disability.

69.     Defendants discriminated against and discharged Plaintiff because of Plaintiff's sex, sexual orientation, age, and disability.

70.     By virtue of Defendants' conduct, Plaintiff has been damaged.

71.     As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

**EIGHTH CLAIM FOR RELIEF:**
**Nevada Revised Statute 613.340 - Prohibition against**
**discrimination for opposing unlawful employment practices.**

72.     The conduct of the Defendants, as alleged in this Complaint, against Plaintiff constitutes illegal and wanton discrimination against Plaintiff because Plaintiff opposed practices made an unlawful employment practice by NRS 613.310 to 613.434, inclusive, and/or because Plaintiff made a charge, testified, assisted or participated in

any manner in an investigation, proceeding or hearing under NRS 613.310 to 613.435, inclusive.

73.     Defendants discriminated against and discharged Plaintiff because he filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

74.     By virtue of Defendants' conduct, Plaintiff has been damaged.

75.     As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## NINTH CLAIM FOR RELIEF:
### BREACH OF MAY 1999 FLIGHT ATTENDANT AGREEMENT.

76.     The conduct of Defendant AWA, as alleged in this Complaint, against Plaintiff constitutes a breach of Section 27, Paragraph K, of the May 1999 Flight Attendant Agreement, which provides:

> "Non discrimination. The Company and the Union shall not discriminate in any way against any Flight Attendant covered by the Agreement with respect to her/his conditions or privileges of employment because of such individual's:  1. Race; 2. Color; 3. Religion; 4. National Origin; 5. Age; 6. Marital status; 7. Handicap; 8. Status as a disabled veteran; 9. Sex; or 10. Sexual orientation.  The Company will not tolerate sexual harassment."

77.   In connection with Defendant AWA's breach of contract, Plaintiff further alleges that Defendant AWA failed to act in a commercially reasonable manner, breached the covenant of good faith and fair dealing implied in Plaintiff's employment agreement, and failed to carry out contractual obligations in accordance with the public policy of the State of Nevada and the United States of America.

78.   As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## TENTH CLAIM FOR RELIEF:
## TORT OF WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.

79.   The conduct of Defendant AWA, as alleged in this Complaint, against Plaintiff constitutes illegal discrimination and termination of Plaintiff's employment by Defendant AWA by actions that were tortious and actionable under the laws of the State of Nevada because it is violative of state public policy.

80.   As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## ELEVENTH CLAIM FOR RELIEF:
### TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

81.     The conduct of Defendants, as alleged in this Complaint, against Plaintiff exceeds the bounds of decency tolerated in the State of Nevada and the United States of America.    The harassment and illegal and wanton employment discrimination directed at Plaintiff was either intended to cause him severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress.   Defendants, and each of them, are, therefore, liable to the Plaintiff for all damages proximately resulting from the emotional distress Plaintiff has suffered because of their outrageous, reprehensible, and illegal conduct.

82.     As a direct and proximate result of the aforesaid conduct by Defendants, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## TWELFTH CLAIM FOR RELIEF:
### NEGLIGENT TRAINING, SUPERVISION, AND RETENTION.

83.     Defendant AWA employed and was responsible for the training, supervision, and retention of BRIAN CONNER; JOEL KUPLACK; JENNIFER MUSEGADES; JOHN ELY; PAM YOUNG; WENDY HIRATA; GREGORY GARGER; SHIRLEY KAUFMAN; JEANNE STOUT; CATHERINE BUNCE; ELIZABETH YAQUINTO; ANTHONY MULE; WILLIAM FRANKE; and TAD LYON.

84.    Defendant AWA had a duty to use the degree of care that ordinarily careful and prudent corporations would use in training, supervising, and retaining its employees and in complying with federal and state civil rights laws.

85.    Defendant AWA breached those duties of care and was negligent by, but not limited to, failing to properly and adequately monitor and supervise the conduct and activities of its business, and by failing to properly and adequately train, supervise, and retain its employees BRIAN CONNER; JOEL KUPLACK; JENNIFER MUSEGADES; JOHN ELY; PAM YOUNG; WENDY HIRATA; GREGORY GARGER; SHIRLEY KAUFMAN; JEANNE STOUT; CATHERINE BUNCE; ELIZABETH YAQUINTO; ANTHONY MULE; WILLIAM FRANKE; and TAD LYON.

86.    Defendant AWA's negligent training, supervision, and retention of BRIAN CONNER; JOEL KUPLACK; JENNIFER MUSEGADES; JOHN ELY; PAM YOUNG; WENDY HIRATA; GREGORY GARGER; SHIRLEY KAUFMAN; JEANNE STOUT; CATHERINE BUNCE; ELIZABETH YAQUINTO; ANTHONY MULE; WILLIAM FRANKE; and TAD LYON, and Defendant AWA's negligence in complying with federal and state civil rights laws, is the actual, direct, and proximate cause of the illegal discrimination and termination of Plaintiff's employment.

87.    As a direct and proximate result of the aforesaid conduct by Defendant AWA, Plaintiff has been injured and suffered damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

## DECLARATORY RELIEF.

88.    That a Declaratory Judgment be issued that the Defendants illegally discriminated against Plaintiff in violation of his federal and state civil rights.

89.    That Defendant AWA is vicariously, contractually, statutorily, and otherwise liable for the acts of all other Defendants, and each of them.

## INJUNCTIVE RELIEF.

90.    Plaintiff does not have a complete and adequate remedy at law and is thus entitled to injunctive and other equitable relief to remedy the Defendants' violations of Plaintiff's rights.

91.    That Defendant AWA be ordered to change its policy, practice, and procedure as it relates compliance with federal and state civil rights laws and to proscribe Defendant AWA's use of Last Chance Agreements such that no other

1 | employee of Defendant AWA is compelled to sign an illegal agreement purporting to

2 | waive all rights to challenge illegal discrimination before the EEOC or any Court.

### PUNITIVE DAMAGES.

92.    The Defendants have at all times material to the foregoing claims acted willfully and with malice toward the Plaintiff.

93.    The Defendants knew, or reasonably should have known, that their conduct was unlawful and specifically in violation of the laws of the United States of America and the laws of the State of Nevada.

94.    Since at least May 2000, Defendants knew, or reasonably should have known, of the specific grounds for Plaintiff's Complaint - yet, Defendants took no action to cease their wrongful conduct, and, in fact, committed further acts designed to cover up the discrimination against the Plaintiff because of his protected status and because of personal malice toward the Plaintiff.  Accordingly, the Plaintiff is entitled to exemplary and punitive damages to be paid by the Defendants, and each of them, in such an amount as the jury may award but in no event less then $10,000.00.

1      **WHEREFORE**, above premises considered, Plaintiff respectfully requests that

2  this Court:

3

4      A.     Accept jurisdiction of this case.

5

6      B.     Effectuate the rule of law as set forth in <u>Albemarle Paper Co. v. Moody</u>,

7  422 U.S. 405, 421, 95 S. Ct. 2362, 45 L.Ed.2d 280 (U.S. 1975), that Trial Courts are

8  duty bound to grant nothing less than the most complete relief possible in order to

9  further the twin purposes of Title VII to eradicate discrimination throughout the economy

10  and make persons whole for injuries suffered through past discrimination.

11

12

13      C.     Exercise the Court's power under Section 706(g) of Title VII of the Civil

14  Rights Act of 1964, as amended, to enjoin the Defendants from engaging in unlawful

15  employment practices, and order such affirmative action as may be appropriate or any

16  other equitable relief as the Court deems appropriate.

17

18      D.     Have this case be tried by a jury.

19

20      E.     Advance this case on the docket, order a speedy hearing at the earliest

21  practicable date and cause this case to be in every way expedited.

22

23

24

25

F.    Declare that the employment practices complained of herein suffered by Plaintiff are unlawful in that they violate Title VII, ADEA, ADA, NRS 613.330, and NRS 613.340.

G.    Permanently enjoin Defendant AWA, its agents, successors, employees, attorneys and those acting in concert with it from engaging in said unlawful employment practices and from engaging in or continuing any and all other practices found by this Court to be in violation of any of the aforesaid civil rights statutes;

H.    Order Defendant AWA to make whole the Plaintiff by providing appropriate back-pay, with interest, front-pay to retirement in lieu of reinstatement because reinstatement is impossible, and reimbursement for loss of pension, retirement, social security and other benefits, plus prejudgment interest, all in amounts to be proven at trial;

I.    Order Defendant AWA to pay such compensatory and punitive damages as the jury may award;

J.    Retain jurisdiction over this civil action to insure full compliance with the orders of this Court and with the statutes, regulations and guidelines upon which this civil action is based, and require Defendant AWA to file such reports as the Court deems necessary and proper to evaluate such compliance;

1

2      K.     Tax all of the costs of this civil action against the Defendants, and each of

3  them;

4

5      L.     Grant to Plaintiff all of Plaintiff's costs, disbursements, expert witness fees

6  and costs, and attorneys fees and costs in connection with this civil action; and

7

8      M.     Grant to Plaintiff such other and further relief as to this Court seems just

9

10  and proper.

11

12      Done and filed this the 19th day of November, 2002.

13

14

15      Brian C. Key
        ATTORNEY FOR PLAINTIFF
16      Jack Cagle

17                  **JURY DEMAND:**
      **Plaintiff demands a trial by jury of all issues of fact in this action.**
18

19

20  Attorney Brian C. Key
    Alabama State Bar #KEY014
21  1312 Ellis Street
    Jasper, Alabama 35501
22  (206) 339-8203

23

24

25

## CERTIFICATE AS TO INTERESTED PARTIES

1.    Certificate Required by USDC/DNV LR 10-6:

2.    The undersigned counsel of record for Plaintiff certifies that the following have an interest in the outcome of this case:   ***there are no known interested parties other than those participating in this case***.

3.    These representations are made to enable judges of the Court to evaluate possible recusal.

4.    Attorney of record for Plaintiff, Jack Cagle.


Done, this the 19th day of November, 2002.

*Brian C. Key*

Brian C. Key
ATTORNEY FOR PLAINTIFF
Jack Cagle

# EXHIBIT

# "**A**"

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

☐ FEPA
☒ EEOC   350A01530

Arizona Civil Rights Division                    and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Jack W. Cagle | (702) 454-7363 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3120 Westfield Street, Las Vegas, NV 89121 | | 02/03/1954 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| America West Airlines | Cat D (501 +) | (480) 693-8624 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 111 West Rio Salado Parkway, Tempe, AZ 85281 | | 013 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 05/20/1999 | 03/04/2000 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I have been falsely accused of sexual harassment by two employees. I was subsequently given a last chance agreement with the choice to sign the agreement or be discharged. I had no choice, but to sign the agreement.

Discrimination Statement: I believe I have been discriminated against because of my sex, male, and age, 46 in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act of 1967, as amended. I believe I have been discriminated against in violation of the Americans With Disabilities Act of 1990.

☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

5/15/00                    Jack W Cagle

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

Date          Charging Party (Signature)

# EXHIBIT

# " B "

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:   Jack W. Cagle
3120 Westfield Street
Las Vegas, NV  89121

From: U. S. Equal Employment Opportunity Commission
3300 North Central Avenue, Suite #690
Phoenix, Arizona  85012-1848

[ ]  *On behalf of person(s) aggrieved whose identity is Confidential (29CFR & 1601).7(a))*

*Postal Certification # Z  359 690 560*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 350-A0-1530 | Charles J. Rahill, Supervisor | (602) 640-5068 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

   You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:**  This will be the only notice of dismissal and of your right to sue that we will send you.  You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge.  **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.  (if you file suit, Please send a copy of your court complaint to this office.)

On behalf of the Commission

_____     JUL 21 2000

Charles D. Burtner, District Director         (date mailed)

Enclosure(s)
cc: America West

# EXHIBIT

# " C "

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet

(Second)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA  ☒XXX EEOC | 350A11140 |

Arizona Civil Rights Division and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Mrs., Mrs.) Jack W. Cagle | HOME TELEPHONE (Include Area Code) 1-702-454-7363 |
|---|---|

| STREET ADDRESS 3120 Westfield Street; Las Vegas, Nevada 89121 | CITY, STATE AND ZIP CODE | DATE OF BIRTH 02-03-1954 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME America West Airlines, Inc. | NUMBER OF EMPLOYEES, MEMBERS 501+ | TELEPHONE (Include Area Code) 1-480-693-0800 |
|---|---|---|

| STREET ADDRESS 4000 E. Sky Harbor Blvd.; Phoenix, Arizona 85034 | CITY, STATE AND ZIP CODE | COUNTY Maricopa |
|---|---|---|

[ filed: Feb. 22, 2001 ]

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)   LATEST (ALL) |
| ☐ RACE  ☐ COLOR  ☒XXX SEX  ☐ RELIGION  ☒XXX AGE | 05-20-1999       01-16-2001 |
| ☒XXX RETALIATION  ☐ NATIONAL ORIGIN  ☒XXX DISABILITY  ☒XXX OTHER (specify) sexual orientation | ☒XXX CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

   My employment was terminated because I filed a charge of discrimination (#350A01530) with the Arizona Civil Rights Division and the EEOC on 05/17/2000 against America West Airlines. I had been falsely accused of sexual harassment by two employees. I was subsequently given a last chance agreement with the choice to sign the agreement or be discharged. I had no choice, but to sign the agreement. My agreement was not knowing and voluntary; it was made under duress and coercion and while I was under treatment of a psychiatrist for major depressive disorder. Further, my right to file a charge of discrimination with the EEOC is non-waivable. In its 08/22/2000 letter, America West Airlines terminated my employment because I "filed a charge with the Equal Employment Opportunity Commission." This retaliatory discharge violates my federal civil rights as provided for in section 704(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a). In addition to retaliation, I have been discriminated against because of my sex, age, disability, and sexual orientation. My workplace was hostile; discrimination is pervasive and systemic. I believe I have been the target of a civil conspiracy to deprive me of my civil rights.

   Discrimination statement: I believe I have been retaliated against because I filed a charge of discrimination with the EEOC. Further, I believe I have been discriminated against because of my sex, male, and age, 47, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended, and because of my disability in violation of the Americans with Disabilities Act of 1990, and because of my sexual orientation in violation of Arizona and Nevada laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.  YES | NOTARY - (When necessary for State and Local Requirements) *Mindy B. Tubin* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  YES |
| I declare under penalty of perjury that the foregoing is true and correct. *Jack Cagle* | SIGNATURE OF COMPLAINANT  Jack W. Cagle *Jack Cagle* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)  February 17, 2001 |
| Date  February 17, 2001      Charging Party (Signature)  Jack W. Cagle | |
| EEOC FORM 5 (10/94) | Notary Public - State of Nevada County of Clark MINDY B. TUBIN My Appointment Expires December 3, 2002 |

CONFIDENTIAL

# EXHIBIT

# " D "

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet

# ✈ AMERICA WEST AIRLINES®

4000 E. Sky Harbor Blvd. Phoenix, AZ 85034 ▪ (480) 693-0800

08.22.2000

August 22, 2000

Mr. Jack Cagle                    <u>*CERTIFIED MAIL/RETURN RECEIPT REQUESTED*</u>
3120 Westfield Street
Las Vegas, NV  89121

Dear Mr. Cagle,

As you know, in lieu of termination from America West Airlines for certain conduct on your part justifying termination, you executed a Last Chance Agreement with the Company. Your union, the AFA, was also a party to that Agreement. Had you not agreed to the terms set forth in the Last Chance Agreement, you would not have been eligible to return to active duty as a Flight Attendant for America West and your employment would have been separated immediately.

The Last Chance Agreement allowed you to avoid termination and instead to be placed on suspension. In consideration for this benefit, the Last Chance Agreement required you and the AFA to agree not to bring a grievance, charge or lawsuit against the Company based on its decision to suspend you from active duty in lieu of terminating your employment. In violation of your agreement, you filed a charge with the Equal Employment Opportunity Commission claiming the Last Chance Agreement -- under which you were suspended in lieu of termination -- was discriminatory. In essence you represented to the federal government that you revoked your agreement to the terms of the Last Chance Agreement. Having breached the terms of the Last Chance Agreement and/or revoked your agreement to that contract, you are not eligible to be reinstated to active duty. Accordingly, your employment with America West is terminated effective August 25, 2000.

You must immediately return all Company property. To make arrangements to do so, please call Mark Godin at 480-693-3300. If you have any questions regarding benefits, including medical or disability coverage, please contact Teresa Pacheco at 480-693-8913.

Sincerely,

Jeanne Stout
Manager, Employee Relations



CONFIDENTIAL

## LAST CHANCE AGREEMENT

America West Airlines, Inc. ("America West or the Company"), Jack Cagle ("Cagle"), and the Association of Flight Attendants (the "AFA") agree as follows:

1. During the course of his employment with America West, and most recently on or about December 8, 1999, Cagle engaged in unprofessional conduct, including intimidating and showing disrespect for a fellow employee. This conduct occurred after Cagle had been counseled, on May 27, 1999, for exhibiting unprofessional behavior, and after Cagle had been placed on a Corrective Action Discussion, on August 6, 1999, also for unprofessional behavior. On the basis of Cagle's failure to comport with the Company's requirements and standards for professional conduct and behavior, America West removed Cagle from active duty on December 14, 1999 .

2. In order to allow Cagle to return to active duty and as a final opportunity to demonstrate his ability to maintain an acceptable level of professional conduct and behavior, America West will reinstate Cagle, subject to the terms and conditions set forth herein and at such time as provided herein, to a Flight Attendant position, conditioned upon Cagle's and the AFA's execution of this Last Chance Agreement.

3. Cagle and the AFA accept reinstatement on the terms and conditions set forth herein and at such time as provided herein:

  a. Reinstatement of Cagle's employment with the Company is conditioned upon and subject to the terms of this Last Chance Agreement which will have a duration of twenty-four (24) months after Cagle's return to active duty.

  b. Cagle shall be placed on an unpaid, thirty-day suspension, commencing on the date this Last Chance Agreement is executed by all parties.

  c. Cagle and the AFA waive any rights to challenge Cagle's suspension that commenced on December 14, 1999 and will end, at the earliest, on February 12, 2000, before any court, governmental agency, or arbitration tribunal, or in any other manner whatsoever.

  d. At the end of that thirty-day suspension, Cagle will be reinstated to active duty only if he has undergone a psychological examination pursuant to Section 18 of the 1999 America West Airlines Flight Attendant Agreement, and been released for full-time active duty by a mental health care provider selected and paid for by America West.

  e. In the event the mental health care provider does not release Cagle to full-time active duty at the end of the thirty-day unpaid suspension period, Cagle will be entitled to remain on unpaid suspension for the

CONFIDENTIAL

remainder of the calendar year following the date this Agreement is executed by all parties. If at any time during that one-year unpaid suspension period, the mental health care provider selected by America West releases Cagle to work as a flight attendant full-time, America West shall immediately reinstate Cagle to active duty. In the event the mental health care provider has not released Cagle for full-time active duty by the end of the one-year suspension period, Cagle's employment with America West shall terminate immediately. In the event that Cagle is eligible for and receives Company-provided disability benefits that exceed the one-year suspension period, and if the mental health provider has not released Cagle for full time active duty when said benefits end, Cagle's employment with America West shall terminate immediately. Cagle and the AFA waive all rights to challenge Cagle's suspension where the mental health care provider selected by America West has not released him to full-time work and to challenge his termination where the mental health care provider has not released him to work by one year from the date this Agreement is executed, or when his benefits cease.

4.    Cagle and the AFA further agree and understand that, in the event it is determined, pursuant to the procedure described in Paragraph 7 herein, that Cagle has failed to comply with any of the terms and conditions in this Last Chance Agreement and in the Corrective Action Discussion provided to Cagle on August 6, 1999, during the twenty-four (24) month period following his reinstatement, America West shall have the right in its sole discretion to terminate Cagle's employment immediately without any warning or any progressive discipline of any type.

5.    Cagle agrees and understands that he must continuously maintain an acceptable level of professional conduct and behavior, and specifically, must refrain from any further incidences or problems including but not limited to, exercising poor judgment or engaging in conduct that is harassing, intimidating or disrespectful to fellow employees or passengers. Cagle and the AFA agree that any single incident, or the single occurrence of any of the problems listed in this paragraph or the August 6, 1999 Corrective Action Discussion will be grounds for immediate termination.

6.    If Cagle's supervisor believes that Cagle has failed to comply with any of the terms set forth in this Last Chance Agreement or the Corrective Action Discussion during his suspension period and for twenty-four (24) months following his reinstatement, the Director, InFlight Services will conduct a meeting with him. If requested by Cagle, a union representative may be present at this meeting. At the meeting, Cagle's supervisor or a Manager-InFlight Services will present the evidence that Cagle has failed to comply with the terms and conditions of this Last Chance Agreement or the Corrective Action Discussion. Cagle and an AFA representative (if present) shall have an opportunity to present any contrary evidence, and to present evidence and argument as to why Cagle should not be discharged. The Director, InFlight Services will consider the arguments and evidence presented by Cagle and his representative.

2

CONFIDENTIAL

7.    If it is determined that misconduct occurred within the suspension period and for twenty-four (24) months following Cagle's reinstatement that violates the terms of this Last Chance Agreement or the Corrective Action Discussion, the decision of the Director, InFlight Services shall be final and binding, both with respect to whether Cagle has failed to comply with any of the terms and conditions of the Last Chance Agreement, and, if so, with respect to the appropriate discipline (up to and including discharge) for violation of the Last Chance Agreement.  Neither Cagle nor the AFA shall have the right to file a grievance or to otherwise dispute before any court, agency, arbitration or other tribunal any decision made by the Director, InFlight Services pursuant to the procedure described in Paragraph 6.

Cagle affirms that he has read the above and fully understands and agrees to it. The parties agree that failure to comply with any of the terms of this Last Chance Agreement during the time Cagle remains on suspension and for twenty-four (24) months following Cagle's reinstatement may result, at the sole discretion of America West, in the termination of Cagle's employment.

Executed in duplicate this _____ day of _____, 2000.

**THIS IS A RELEASE**
**BEFORE SIGNING YOU SHOULD READ CAREFULLY AND CONSULT WITH YOUR UNION REPRESENTATIVE**

America West Airlines                         Association of Flight Attendants

_____                      _____
By: Gregory M. Garger                        By: William Lehman
Vice President, Labor Relations              AFA MEC/LEC Vice President

                                             _____
                                             Jack Cagle
                                             Flight Attendant

3

# EXHIBIT

# " E "

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602) 640-5000
TTY (602) 640-5072
FAX (602) 640-5071

[ Feb. 27, 2002 ]

Charge No. 350A11140

Jack W. Cagle
3120 Westfield Street
Las Vegas, NV 89121

Charging Party

America West Airlines, Inc.
4000 E. Sky Harbor Blvd.
Phoenix, AZ 85034

Respondent

# D E T E R M I N A T I O N

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967 as amended, ("ADEA"), 29 U.S.C. § 621, et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101e, et seq. Timeliness and all other requirements for coverage have been met.

The Charging Party previously filed EEOC Charge No. 350A01530 against Respondent alleging that he had no choice but to sign a Last Chance Agreement, in violation of Title VII, the ADEA and the ADA. The Charging Party alleges that subsequent to the filing of 350A01530, Respondent discharged him in retaliation for filing the Charge of Discrimination. The Charging Party also alleges discrimination based on sex, disability and sexual orientation.

Respondent maintains that the Charging Party engaged in retaliatory and harassing conduct which justified his discharge, but that at his and his union's request, Respondent did not terminate his employment and instead suspended him and entered a Last Chance Agreement. One of the provisions of the Last Chance Agreement was that the Charging Party and the union waived the right to challenge the Charging Party's suspension on any ground, whether before a court, before a governmental agency or in arbitration. Respondent maintains that by filing 350A01530, the Charging Party revoked his agreement to the Last Chance Agreement or, in the alternative, violated the Agreement, and therefore his employment was terminated.

The Commission has previously determined that it is unlawful for an employer to take adverse action against an individual because he has filed a charge under one of the employment discrimination statues.

In this case, the Charging Party had previously filed a Charge of Discrimination with the EEOC alleging that the Respondent's Last Chance Agreement constituted a form of employment

discrimination under Title VII, the ADEA and the ADA. Subsequent to his Charge of Discrimination, the Respondent took an adverse action against the Charging Party by terminating his employment. Respondent has repeatedly articulated a causal connection between the Charging Party's first Charge of Discrimination and the adverse action.

Accordingly, I find reasonable cause to believe that Respondent retaliated against the Charging Party in violation of Title VII, the ADEA and the ADA when it discharged him for filing a Charge of Discrimination. Furthermore, I find reasonable cause exists to believe that Respondent has a policy or practice of including language in its Last Chance Agreements which unlawfully discourages individuals from filing charges of discrimination or participating in investigations under threat of discipline or discharge, in violation of Title VII, the ADEA and the ADA.

The Commission makes no finding regarding any other allegation made in the charge.

This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. The confidentiality provisions of the ADA and Commission Regulations apply to information obtained during conciliation. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

FEB 2 7 2002

Date

for   Charles D. Burtner
District Director

# EXHIBIT

# " F "

# TO THE COMPLAINT

Cagle v. America West Airlines et al
Exhibit Cover Sheet

EEOC Form 161-A (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(Conciliation Failure)*

To: Jack Cagle
3120 Westfield Street
Las Vegas, NV 89121

From: Equal Employment Opportunity Commission
3300 N. Central Ave. #690
Phoenix, Arizona 85012-1848

[ ] *On behalf of person(s) aggrieved whose identity is
Confidential (29 CFR & 1601).7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 350-A1-1140 | William Ryan, Supervisor | (602) 640-5012 |

(See also the additional information attached to this form)

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

AUG 2 2 2002

_____
(date mailed)

_____
Charles D. Burtner, District Director

Enclosure(s)

cc: America West Airlines